# Exhibit 2

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License**

In the matter of:

☐ The application for license as a/an _____, filed by:

or
☑ License Number 4-55-045-02-5E-08677 as a/an dealing, including pawnbroker in firearms other than destructive devices, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and ZIP Code)*
Uncle Sam's Loans Inc.
200 Main Street, Man, West Virginia 25635

**Notice Is Hereby Given That:**

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

  ☐ license described above is revoked pursuant to 18 U.S.C. 923(e), 922(t)(5) or 924(p), effective:

    ☐ 15 calendar days after receipt of this notice, or ☐ _____,

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

  ☐ application for license described above is denied, pursuant to 18 U.S.C. 923(d).

  ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

    ☐ 15 calendar days after receipt of this notice, or ☐ _____,

  ☑ license described above is revoked pursuant to 18 U.S.C. 923(e), 922(t)(5) or 924(p), effective:

    ☑ 15 calendar days after receipt of this notice, or ☐ _____,

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $ _____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at 600 Dr. Martin Luther King Jr Place, Suite 500, Louisville KY 40202 _____, prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300.13
Revised September 2014

FINDINGS AND CONCLUSIONS IN SUPPORT OF THE REVOCATION OF THE FEDERAL FIREARMS LICENSE OF UNCLE SAM'S LOANS, INC. AS A DEALER UNDER CHAPTER 44, UNITED STATES CODE

Based upon the administrative record from the informal hearing concerning the revocation of the Federal firearms license application of Uncle Sam's Loans Inc. ("Licensee"), 200 Main Street, Man, West Virginia 25635, 4-55-045-02-5E-08677, the following are the findings and conclusions of the Director of Industry Operations, Louisville Field Division, Bureau of Alcohol, Tobacco, Firearms & Explosives:

### Findings:

The evidence in the administrative record establishes the following violations were committed by the Licensee:

Violations
Transfer in Violation of Law
1. The Licensee, by and through its agents and employees, willfully sold or delivered a firearm to a person the Licensee knew or had reasonable cause to believe was subject to a Federal firearms disability, in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99(c). See Appendix A, § 1.

Falsified Statement in Records
2. The Licensee, by and through its agents and employees, willfully made false statements or representations with respect to any information required by the provisions of Title 18, United States Code, Chapter 44 or Title 27, Code of Federal Regulations, Part 478, on 22 occasions, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.128(c). See Appendix A, § 2.

Appendix A

1.
Transferee    Date
Transfers to Shane Noel on 7/10/2009; 9/15/2009; 11/11/2009; 7/19/2010; 7/30/2010; 12/11/2010; 12/13/2010; 12/21/2010; 3/14/2011; 11/18/2011

2.
| Record | Falsified Statement or Representation |
|---|---|
| Transfers on ATF Forms 4473 to Shane Noel: | |
| 7/10/2009 | Item 34 |
| 9/15/2009 | Item 34 |
| 11/11/2009 | Item 34 |
| 7/19/2010 | Item 34 |

ATF Form 5300.13
Page 2

| Date | Item |
|---|---|
| 7/30/2010 | Item 34 |
| 12/11/2010 | Item 34 |
| 12/13/2010 | Item 34 |
| 12/21/2010 | Item 34 |
| 3/14/2011 | Item 34 |
| 11/18/2011 | Item 34 |

Transfers on ATF Form 4473 to Brian West

| Date | Item |
|---|---|
| 5/7/2012 | Item 34 |
| 6/2/2012 | Item 34 |
| 1/12/2013 | Item 34 |
| 2/15/2013 | Item 34 |
| 2/22/2013 | Item 34 |
| 3/8/2013 | Item 34 |
| 3/22/2013 | Item 34 |

Transfers on ATF Form 4473 to Christina Deer

| Date | Item |
|---|---|
| 9/26/2009 | Item 34 |
| 11/13/2009 | Item 34 |
| 1/21/2010 | Item 34 |
| 11/4/2010 | Item 34 |

Transfers on ATF Form 4473 to Scott Ellis

| Date | Item |
|---|---|
| 11/3/2009 | Items 26-30 and Item 34; |
| 2/4/2010 | Item 34 |
| 3/10/2010 | Item 34 |
| 8/19/2010 | Item 34 |
| 8/28/2010 | Item 34 |
| 12/9/2010 | Item 34 |
| 4/8/2011 | Items 26-30 and Items 33-34 |
| 3/23/2010 | Items 26-30. |

### Conclusions:

The majority of circuits, including the Fourth Circuit, have consistently held that where a licensee understands his or her legal obligations under the GCA, yet fails to abide by those obligations, his or her license can be denied or revoked on the basis that the dealer "willfully" violated the GCA. Appalachian Res. Dev. Corp. v. McCabe, 2004 U.S. App. LEXIS 21750 (6th Cir. Oct. 20, 2004); See also Al's Jewelry & Loan, Inc. v. U.S. Dept. of Treasury, Bureau of Alcohol, Tobacco & Firearms, 1996 U.S. App. LEXIS 30881, No. 95-1765, 1996 WL 683528, at 3-4 (6th Cir. Nov. 22, 1996) (denial of license affirmed upon finding petitioner willfully violated

GCA because he knew of record keeping obligations yet failed to abide by them); Perry v. Dep't. of Treasury, Bureau of Alcohol, Tobacco & Firearms, 637 F.2d 1332, 1336 (9th Cir. 1981) ("To establish grounds for revocation of a license, the government must demonstrate a willful violation of the Act. That is established when a dealer understands the requirements of the law, but knowingly fails to follow them or was indifferent to them.")(citing Lewin v. Blumenthal, 590 F.2d 268, 269 (8th Cir. 1979)); Stein's Inc. v. Blumenthal, 649 F.2d 463, 467 (7th Cir. 1980) ("The [GCA] does not require bad purpose or evil motive before a license may be revoked or a renewal application denied. The Secretary need only prove that the petitioner knew of his legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements"); Prino v. Simon, 606 F.2d 449, 451 (4th Cir. 1979)(Under the GCA, in a civil context, "[a] conscious, intentional, deliberate, voluntary decision properly is described as willful, regardless of venal motive".)

Furthermore, it has been recognized that a single violation of the GCA is a sufficient basis for denying an application or revoking a firearms dealer's license. Cook v. Herbert, 2004 U.S. Dist. LEXIS 61, No. 03-00042, 2004 WL 40525, at *2 (W.D. Va. Jan. 5, 2004) see also 3 Bridges, Inc. v. U.S. Dep't. of Treasury, Bureau of Alcohol, Tobacco & Firearms, 216 F. Supp.2d 655, 659 (E.D. Ky 2002); DiMartino v. Buckles, 129 F. Supp. 2d 824, 827 (D. Md. 2001) aff'd by unpublished order, DiMartino v. Buckles, 19 Fed. Appx. 114, 2001 WL 1127288, at *1 (4th Cir. 2001)).

The Licensee admitted that all of the violations had occurred, and all of the persons involved in the violations admitted to them as well.

Due to the above listed willful violations of the applicable statutes and regulations, the Federal firearms license of Uncle Sam's Loans, Inc., 200 Main Street, Main, West Virginia 25635, 4-55-045-02-5E-08677 is revoked pursuant to 18 U.S.C. § 923(e), and Title 27, Code of Federal Regulations, § 478.73.

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|---|---|---|
| 10/24/2016 | Adam P. Rogers, Director, Industry Operations, Louisville Field Division | |

I certify that, on the date below, I served the above notice on the person identified below by:

[✓] Certified mail to the address shown below.
Tracking Number: 7015 1730 0001 6853 6504

Or

[ ] Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| | | |

| Print Name and Title of Person Served | Signature of Person Served |
|---|---|
| | |

Address Where Notice Served

Note: Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014